**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-23588-BLOOM/Louis**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

MSC CRUISES SA CO, and
MSC CRUISES (USA) INC.,

    Defendants.
_____/

**ORDER DENYING MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**THIS CAUSE** is before the Court upon the Motion of Cruise Lines International Association ("CLIA") for Leave to File Brief *Amicus Curiae* in Support of Defendants' Motion for Summary Judgment, ECF No. [204] ("Motion"). Plaintiff Havana Docks Corporation ("Plaintiff") filed a Response, ECF No. [230] ("Response"), to which CLIA filed a Reply, ECF No. [234] ("Reply"). The Court has considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

While the Federal Rules of Appellate Procedure and the Supreme Court Rules provide for the filing of *amicus curiae* briefs, the Federal Rules of Civil Procedure contain no provision regarding the involvement of *amici* at the trial court level. However, the district court possesses the inherent authority to appoint *amici* to assist in a proceeding. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1501 (S.D. Fla. 1991). "Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the

discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *News & Sun-Sentinel Co. v. Cox,* 700 F. Supp. 30, 31 (S.D. Fla. 1988) (citations and quotations omitted). Therefore, an *amicus* participates only for the benefit of the court. *A.R. v. Dudek*, No. 13-61576-CIV-ROSENBAUM/HUNT, 2014 WL 12519764, at * 4 (S.D. Fla. Apr. 7, 2014). "Further, acceptance of an *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest or unless the Court feels that existing counsel need assistance." *News & Sun-Sentinel Co.*, 700 F. Supp. at 32.

Upon review, the Court finds that the instant Motion is not well-founded. CLIA "is a not-for-profit trade association . . . whose membership includes more than fifty cruise lines, reflecting approximately ninety-seven percent of the cruise capacity in North America." ECF No. [204] at 1. CLIA asserts that it has a special interest in the instant action because it "represents the interests of its members before the courts, Congress, the executive branch, and international tribunals." *Id.* CLIA also asserts that it "has a particular interest in this case because it raises important issues of concern to the cruise industry." *Id.* at 3. However, CLIA has failed to explain how its brief will benefit the Court by offering a new or unique perspective beyond that already presented by the parties.

CLIA claims that its brief will address "fundamentally important constitutional questions that bear on the significant questions before the Court." ECF No. [234] at 3. More specifically, CLIA seeks to address four constitutional issues that arise from Plaintiff's interpretation of the Cuban Liberty and Democratic Solidarity Act (the "Act"). ECF No. [204] at 4-5. A review of Defendants' Omnibus Motion for Summary Judgment reveals that Defendants have already addressed the four constitutional issues. ECF No. [216] at 9-11, 27-31.

Case No. 19-cv-23588-BLOOM/Louis

First, CLIA argues that the Act, as construed by Plaintiff, would unconstitutionally punish conduct that the Federal Government has permitted, licensed, and openly encouraged as part of official U.S. policy towards Cuba. ECF No. [204] at 4-5. Defendants similarly argue that Due Process bars Plaintiff's theory of liability under the well-settled principle that parties cannot be held liable for conduct that the government has licensed, permitted, and encouraged. ECF No. [216] at 27-28.

Second, CLIA argues that the Act, as construed by Plaintiff, would unconstitutionally impose on Defendants vastly disproportionate liability with no relationship to their conduct. ECF No. [204] at 5. Defendants similarly argue that Plaintiff's interpretation of the Act would impose damages disproportionate to the alleged conduct. ECF No. [216] at 30-31. Defendants further elaborate that Plaintiff's interpretation would violate the Fifth Amendment Due Process Clause and the Eighth Amendment Excessive Fines Clause. *Id.*

Third, CLIA argues that the Act, as construed by Plaintiff, would be impermissibly retroactive because it would impose liability for conduct before May 2, 2019, when the cause of action was not in effect. ECF No. [204] at 5. Defendants similarly argue that Plaintiff's interpretation is impermissibly retroactive. ECF No. [216] at 28-30. Defendants further elaborate that Plaintiff's interpretation would violate the Fifth Amendment Taking and Due Process Clauses and the Ex Post Facto Clause. *Id.* at 29-30.

Fourth, CLIA argues that Plaintiff's argument raises Due Process concerns by binding Defendants to a certification from a Foreign Claims Settlement Commission ("FCSC") proceeding to which Defendants were not parties. ECF No. [204] at 5. Defendants similarly argue that there would be a serious Due Process violation if the Court were to treat the *ex parte* FCSC decision from 1971 as conclusive, since Defendants were neither represented nor had the opportunity to

participate in the FCSC proceeding. ECF No. [216] at 9-11. In sum, CLIA's proposed brief will not present new constitutional issues that Defendants have not already addressed.

Furthermore, Defendants are represented by extremely capable and skilled counsel, and the Court has granted the parties leave to engage in a modified and greatly expanded summary judgment briefing process affording Defendants ample opportunity to address the issues implicated in this case. ECF No. [176]. As such, the Court does not find that it will benefit from further briefing from the *amicus curiae*.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [204]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 14, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record