## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

**Case No. 19-cv-21724**
**BLOOM/MCALILEY**

HAVANA DOCKS CORPORATION,

     Plaintiff,

v.

MSC CRUISES SA,
MSC CRUISES SA CO, and
MSC CRUISES (USA) INC.,

     Defendants.

_____/

**Case No. 19-cv-23588**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

     Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

     Defendant.

_____/

**Case No. 19-cv-23590**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

     Plaintiff,

v.

NORWEGIAN CRUISE LINE
HOLDINGS, LTD.,

     Defendant.

_____/

**Case No. 19-cv-23591**
**BLOOM/LOUIS**

## ORDER ON MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL
## AND MOTION TO STAY

**THIS CAUSE** is before the Court upon Defendants' Motion for Certification for Interlocutory Appeal of the Court's Omnibus Order on Summary Judgment and Motion to Stay, *Carnival* ECF No. [481], *MSC Cruises* ECF No. [334], *Royal Caribbean* ECF No. [258], *Norwegian* ECF No. [370] (the "Motion"). Plaintiff filed a Response, *Carnival* ECF No. [499], *MSC Cruises* ECF No. [352], *Royal Caribbean* ECF No. [275], *Norwegian* ECF No. [385], to which Defendants filed a Reply, *Carnival* ECF No. [503], *MSC Cruises* ECF No. [360], *Royal Caribbean* ECF No. [280], *Norwegian* ECF No. [393]. The Court has carefully considered the Motion, the Responses and Replies, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.    BACKGROUND

The Court assumes the parties' familiarity with the facts in these cases. On March 21, 2022, the Court entered its Omnibus Order on the parties' omnibus and individual motions for summary judgment. *See Carnival* ECF No. [477], *MSC Cruises* ECF No. [330], *Royal Caribbean* ECF No. [254], *Norwegian* ECF No. [367] ("MSJ Order"). In pertinent part, the Court concluded that Defendants engaged in "tourist activities" during the relevant periods and therefore did not meet the lawful travel exception under the LIBERTAD Act. MSJ Order at 119.  The Court further found that Defendants failed to show that their use of the Terminal was necessary to the conduct of lawful travel to Cuba. *Id*. at 146-52.[1] Ultimately, the Court determined that Havana Docks was entitled to summary judgment upon Defendants' lawful travel exception defense. *Id*. at 152. In addition, in the MSJ Order, the Court accepted as true the FCSC's certification of an ownership interest in confiscated property in favor of Havana Docks. *Id*. at 99-100. Following entry of the MSJ Order,

---

[1] Under the LIBERTAD Act, the lawful travel exception applies to "transactions and uses of property incident to lawful travel to Cuba, to the extent that such transactions and use of property are necessary to the conduct of such travel[.]" 22 U.S.C. § 6023(13)(B)(iii).

the only issue remaining for trial in these cases is the amount of damages to be awarded to Havana

Docks. *Id*. at 168.

In the Motion, Defendants request that the Court certify the MSJ Order for interlocutory

appeal pursuant to 28 U.S.C. § 1292(b). *See* Motion at 2. Havana Docks opposes the request.

## II.     LEGAL STANDARD

Three elements are required for leave to file an interlocutory appeal:

(1)  the order involves a controlling question of law;

(2)  as to which there is a substantial ground for difference of opinion; and

(3)  the immediate appeal from the order would materially advance the ultimate
     termination of the litigation.

*See* 28 U.S.C. § 1292(b). Interlocutory appeal under § 1292(b) serves as a "rare exception" to the

general rule that final judgment must precede appellate review. *McFarlin v. Canseco Servs., LLC*,

381 F.3d 1251, 1264 (11th Cir. 2004). Further, the Court of Appeals for the Eleventh Circuit

considers liberal use of § 1292(b) to be bad policy, as it may promote piecemeal appeals. *Id.* at

1259. Accordingly, § 1292(b) certification is only proper "in exceptional cases where decision of

the appeal may avoid protracted and expensive litigation . . . where a question which would be

dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.*

at 1256.

The Eleventh Circuit has "identifie[d] several principles to guide [courts] when deciding

whether to exercise [their] discretion under § 1292(b) to allow for a rare interlocutory appeal."

*Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018) (citing

*McFarlin*, 381 F.3d at 1264).

> In general, [courts] exercise [their] discretion only when (1) the appeal presents a
> pure question of law, (2) the question is controlling of at least a substantial part of
> the case, (3) the district court identifies the question in its order, (4) there are

substantial grounds for differences of opinion on the question, and (5) resolution of the question may reduce the amount of litigation necessary on remand.

*Id.* (citing *McFarlin*, 381 F.3d at 1264). "This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review." *In re Yormak*, No. 2:17-cv-73-FtM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017) (citation omitted). Acknowledging the profound hurdles that parties face in seeking interlocutory appeal, the Eleventh Circuit has characterized this certification as a "high threshold," and stated that "[m]ost interlocutory orders do not meet this test." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Ultimately, there is a "strong presumption against interlocutory appeals," and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose. *Id*. at 1359 n.10 (citing *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007)); *United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985).

Through this lens, the Court considers the Motion.

### III.     DISCUSSION

In the Motion, Defendants request that the MSJ Order be certified for interlocutory appeal. Specifically, Defendants present the following questions for certification:

1. What does the "lawful travel exception" mean in 22 U.S.C. § 6023(13)(B)(iii)?

2. Do Defendants have a Due Process right to challenge the *ex parte* determinations of the Foreign Claims Settlement Commission ("FCSC") when those determinations are used to conclusively resolve an element of Plaintiff's case?

The Court considers each element under § 1292(b) with respect to the two questions for certification posed by Defendants.

### A. Meaning of "Lawful Travel Exception"

      i. <u>Controlling Question of Law</u>

Defendants argue that regarding the meaning of the lawful travel exception, "lawful travel" and "necessary to the conduct of such travel" are not statutorily defined, and therefore properly raises a question of statutory interpretation. For further support, Defendants point to the fact that the Eleventh Circuit has requested amicus briefing from the Government on the statutory interpretation of the lawful travel exception in a consolidated appeal pending before it. *See Del Valle v. Trivago*, No. 20-12407, *Garcia-Bengochea v. Carnival Corp.*, No. 20-12960, *Garcia-Bengochea v. Royal Caribbean Cruises LTD.*, No. 20-14251 (together, "Consolidated Appeal). Havana Docks responds that the first question presents an academic exercise because, by accepting Defendants' interpretation of what constitutes lawful travel to Cuba, the Court ultimately concluded that Defendants' transactions and uses of the Terminal were not necessary to the conduct of travel to Cuba. Defendants dispute that the Court in fact agreed with their interpretation.

A "controlling question of law" arises where the appellate court can rule on a controlling question of pure law without having to search deep into the record in order to discern the facts of the underlying case. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003).

> To meet the first element for interlocutory appeal, the movant must demonstrate there is a question of law, and it is controlling. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). A controlling question of law pertains to "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 1258. In other words, a controlling question of law is an issue of "pure law" that can be decided "quickly and cleanly without having to study the record." *Id.* The question must also "be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* at 1259. By contrast, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 1259.

*Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-cv-41-FtM-38MRM, 2018 WL 3656472, at \*2 (M.D. Fla. Aug. 2, 2018).

Upon careful examination, the Court agrees that Defendants' first question presents a controlling question of law. Indeed, the Eleventh Circuit would not have to delve into the facts of these cases to answer the first question. Rather, it would need to only review the Court's interpretation of the applicable statutory and regulatory framework—principally, how the Court interpreted "lawful travel to Cuba" and the meaning of "necessary" in the LIBERTAD Act. Moreover, the Court agrees that the outcome of the Consolidated Appeal might provide guidance with respect to the first question posed by Defendants. However, the Court's analysis does not end here.

ii.   Substantial Ground for Difference of Opinion

Defendants argue that because the first question presents a novel and complex issue of first impression, there is substantial ground for difference of opinion, such that certification of interlocutory appeal is proper. Defendants assert further that the LIBERTAD Act does not define "lawful travel," no court has determined what constitutes lawful travel, and point to the fact that the Eleventh Circuit has requested amicus briefing from the Government on the statutory interpretation of the lawful travel exception in the Consolidated Appeal. In response, Havana Docks argues that there is no substantial ground for difference of opinion because in the MSJ Order the Court accepted Defendants' argument that "lawful travel to Cuba" means travel that was authorized by the 2015 to 2019 CACR.

With respect to the second element under § 1292(b), where the appellate court is in "complete and unequivocal" agreement with the district court, a "substantial ground for difference of opinion" does not exist. *McFarlin*, 381 F.3d at 1258 (quoting *Burrell v. Bd. of Trs. of Ga.*

*Military Coll.*, 970 F.2d 785, 788-89 (11th Cir. 1992)). Moreover, questions of first impression or the absence of binding authority on an issue, without more, are insufficient to demonstrate a substantial ground for difference of opinion. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *Williams v. Saxon Mortg. Co.*, No. CIV. A. 06-0799-WS-B, 2007 WL 4105126, at *2 (S.D. Ala. Nov. 15, 2007) (citations omitted).

> If a controlling question of law exists, the appellant must next demonstrate the existence of a substantial ground for difference of opinion. *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198-CIV, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016). To do this, the appellant must show "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Id.* "[M]erely showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient." *Ibrahim v. FINR III, LLC*, No. 8:15-cv-1093-T-17, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016).

*Cont'l 332 Fund, LLC*, 2018 WL 3656472, at *2; *see also Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017) ("Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion."). Instead, the district court should measure the weight of opposing arguments to the disputed ruling in deciding whether there is a "substantial ground for dispute." *In re Flor*, 79 F.3d at 284; *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371, 2015 WL 11251735, at *2 (S.D. Fla. July 8, 2015).

The parties do not dispute that the first question presents an issue of first impression. However, the Court disagrees with Defendants' assertion that that fact alone or in combination with the lack of authority and the Eleventh Circuit's request in the Consolidated Appeal, supports the existence of a substantial ground for dispute that warrants interlocutory appeal in these cases. While the request in the Consolidated Appeals indicates that the Eleventh Circuit is concerned with the lawful travel exception, it does not convince the Court that it is sufficient to warrant certification. While the Court's ruling in the MSJ Order with respect to the lawful travel exception

presented difficult questions of law in an area where authority is entirely lacking, this Court devoted extensive time, effort, and care to arrive at the correct conclusion. Thus, while Defendants understandably disagree with the analysis and result reached in the MSJ Order, this Court remains unconvinced that Defendants demonstrate a substantial ground for difference of opinion sufficient to overcome the high threshold of § 1292(b).

### iii.  Materially Advance the Ultimate Termination of the Litigation

Defendants also argue that the resolution of the first question would avoid a complex trial on damages or indicate that a different type of trial is required. Havana Docks responds that because only a trial on damages remains, an interlocutory appeal would not materially advance the ultimate termination of litigation.

The final requirement that the controlling question of law "may materially advance the ultimate termination of the litigation" is a straightforward one. The Eleventh Circuit has interpreted this requirement to "mean[] that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259.

In these cases, while it is true that a ruling by the Eleventh Circuit in Defendants' favor would obviate the need for a trial, the Court does not agree that the trial, which will be limited to the issue of damages, will be particularly complex or that resolution of the first question at this juncture would otherwise substantially shorten the litigation. These cases are at an advanced stage, with only damages remaining to be determined. As such, Defendants fail to persuade the Court that an interlocutory appeal at this juncture is warranted.

### B. Due Process Right to Challenge the FCSC's Determinations

#### i. Controlling Question of Law

With respect to the second question, Defendants argue that it presents a pure legal issue—namely, whether they have a right to challenge the FCSC's *ex parte* determination. Havana Docks responds that this question is a not a controlling question of law because upon the undisputed facts, the Court correctly determined that Havana Docks owned an interest in the Terminal that was confiscated by the Cuban government.

Upon review, the Court determines that the second question also presents a controlling question of law, since it seeks an answer as to whether Defendants have a Due Process right, as opposed to a statutory right, to challenge the FCSC's determinations, when those determinations are used to establish one of the elements of the plaintiff's case. Again, however, the Court's analysis does not end here.

#### ii. Substantial Ground for Difference of Opinion

Defendants argue that the second question, like the first, presents an issue of first impression, and as such, there is substantial grounds for difference of opinion. In response, Havana Docks contends that there is no substantial ground for difference of opinion because the statutory language is unequivocal in directing that courts must accept the FCSC's determination as conclusive, and that courts lack jurisdiction to review the FCSC's legal and factual determinations. *See* 22 U.S.C. §§ 6083(a)(1), 1622g, 1623(h).

Upon review, the Court must disagree with Defendants that the fact that they raise a Due Process challenge necessarily indicates that interlocutory review would be proper in these cases. To be sure, Defendants raise an interesting issue, but not one that would overcome the strong presumption against interlocutory appeals.

      iii.  <u>Materially Advance the Termination of the Litigation</u>

Finally, Defendants argue that resolution of the second question might indicate that a different type of trial is required, if at all. They contend that if the Eleventh Circuit were to determine that Defendants have a constitutional right to question the basis of the FCSC's determinations, those challenges would impact the measure of damages in these cases. In response, Havana Docks argues that an interlocutory appeal of the second question would potentially multiply proceedings. On this point, the Court agrees with Havana Docks, since a finding that Defendants may challenge the FCSC's legal and factual determinations would require additional analysis with respect to the circumstances underlying the FCSC process in these cases.

## IV.      CONCLUSION

Based on the discussion above, the Court finds that Defendants have failed to meet the heavy burden of establishing that interlocutory appeal is warranted. Accordingly, the questions presented for certification do not merit deviation from the general principle that appeals should be conducted after final judgment. *See McFarlin*, 381 F.3d at 1264. Therefore, the Court further finds that the stays Defendants request are not warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, *Carnival* **ECF No. [481]**, *MSC Cruises* **ECF No. [334]**, *Royal Caribbean* **ECF No. [258]**, and *Norwegian* **ECF No. [370]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 13, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of Record