UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HAVANA DOCKS CORPORATION, | Case No: 19-cv-21724-BLOOM/MCALILEY |
|     Plaintiff, | |
| v. | |
| CARNIVAL CORPORATION, | |
|     Defendant. | |
| _____/ | |
| HAVANA DOCKS CORPORATION, | Case No: 19-cv-23588-BLOOM/LOUIS |
|     Plaintiff, | |
| v. | |
| MSC CRUISES S.A., *et al.*, | |
|     Defendants. | |
| _____/ | |
| HAVANA DOCKS CORPORATION, | Case No: 19-cv-23590-BLOOM/LOUIS |
|     Plaintiff, | |
| v. | |
| ROYAL CARIBBEAN CRUISES, LTD., | |
|     Defendant. | |
| _____/ | |
| HAVANA DOCKS CORPORATION, | Case No: 19-cv-23591-BLOOM/LOUIS |
|     Plaintiff, | |
| v. | |
| NORWEGIAN CRUISE LINE HOLDINGS LTD., | |
|     Defendant. | |
| _____/ | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO
CONSOLIDATE CASES FOR DETERMINATION OF DAMAGES**

Defendants Carnival Corporation ("Carnival"), MSC Cruises S.A., MSC Cruises SA Co., MSC Cruises (USA), Inc. (together, "MSC Cruises"), Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), and Norwegian Cruise Line Holdings, Ltd. ("Norwegian") (collectively, "Defendants") submit this reply to Plaintiff's Response to Defendants' Motion to Consolidate Cases for Determination of Damages ("Response to Consolidation") [*Carnival*, ECF No. 530; *MSC Cruises*, ECF No. 380; *Royal Caribbean*, ECF No. 303; *Norwegian*, ECF No. 417].

As a threshold measure, Plaintiff agrees with Defendants that the cases should be consolidated for determination of damages. Defs.' Motion to Consolidate Cases for Determination of Damages (the "Motion") [*Carnival*, ECF No. 525; *MSC Cruises*, ECF No. 374; *Royal Caribbean*, ECF No. 297; *Norwegian*, ECF No. 411]. *See* Response to Consolidation, at 2 ("In short, Havana Docks does not oppose a joint trial on damages . . . .").

Notwithstanding Plaintiff's agreement with the relief requested in the Motion, Plaintiff filed a six-page Response arguing issues ***not*** raised in the Motion, and that have been or are being briefed elsewhere. Specifically, Plaintiff's Response to Consolidation presents arguments relating to (1) Defendants' Motion to Confirm Interest Calculation Pursuant to 22 U.S.C. § 6082(a)(1)(B) ("Defendants' Interest Motion") [*Carnival*, ECF No. 513; *MSC Cruises*, ECF No. 365; *Royal Caribbean*, ECF No. 288; *Norwegian*, ECF No. 398], and (2) Defendants' Motion to Confirm the Applicability of the "One-Satisfaction Rule" ("Defendants' One-Satisfaction Motion") [*Carnival*, ECF No. 524; *MSC Cruises*, ECF No. 375; *Royal Caribbean*, ECF No. 298; *Norwegian*, ECF No. 412]. A response to the instant Motion is not the place to argue these other significant issues.

First, Defendants' Interest Motion is fully briefed before the Court, having become ripe on June 27, 2022. Plaintiff has already filed an Opposition and Defendants filed their Reply. Plaintiff's discussion is an improper sur-reply on the interest briefing, for which Plaintiff neither

1

requested nor received leave from this Court.  *See* Response to Consolidation at 3–4[1]; *see also* S.D. Fla. L.R. 7.1(c)(1) (authorizing a motion, response, and reply, and providing that "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court").

Similarly, Defendants' One-Satisfaction Motion is currently being briefed separately before the Court, with Plaintiff's response due on July 15, 2022.  Despite requesting an extension of time to file its response to Defendants' One-Satisfaction Motion, Plaintiff spends three pages responding to the One-Satisfaction Motion ***here***—in its Response to ***Consolidation***.  *See* Response to Consolidation at 5–7.  Such arguments are not appropriate in this briefing and should be advanced only in Plaintiff's response to Defendants' One-Satisfaction Motion.

Lastly, Plaintiff attempts to seek relief in the form of jury instructions.  *See id.* at 5.  The Court's ruling on the various pending motions will impact the Parties' motions *in limine* and, ultimately, the jury instructions—including those that Plaintiff purports to seek in its Response to

---

[1] Moreover, Plaintiff's arguments are simply wrong.  Defendants' expert, Dr. Spiller, assessed the value of the whole property.  Because two of the three piers were not in working condition, Dr. Spiller measured the potential income of only the working pier.  *See* Plaintiff's Response to Consolidation at 3 n.3.  In other words, Dr. Spiller's valuation of the whole property accounts for the fact there is only one working pier.  For its part, Plaintiff's experts attempted to value the non-working piers by, among other things, assuming that the piers were in very good condition despite acknowledging that, in reality, the property was in poor condition.  *See* Omnibus Report and Recommendation Regarding *Daubert* Motions, *Carnival*, ECF No. 485 at 11–12.  This Court ruled that this counterfactual testimony is inadmissible.  *See* Order on Omnibus Report and Recommendation Regarding *Daubert* Motions, *Carnival*, ECF No. 526 at 9 ("the assumption underlying ***Plaintiff's experts' opinions regarding the condition of the property***, as the R&R correctly notes, ***is faulty***.") (emphasis added).  Plaintiff cannot now do an end-run around this ruling by relying on unauthenticated, unexplained photos counsel found on Facebook as Plaintiff attempts to do here.

Regardless, as explained in Defendants' Interest Motion and the corresponding Reply, the plain text of the statute forbids the absurd result of awarding ***half a billion dollars*** in interest on a certified claim worth less than ten million dollars, with Plaintiff collecting half a billion dollars ***four times over*** (and over and over again, in perpetuity, from every past, present, or future user of the property).  It is also a distortion of Helms-Burton, enacted by Congress to provide claimants "adequate and effective compensation" for "confiscated property." 22 U.S.C. § 6023(4)(A)(i).  Adequate and effective compensation for a time-limited concession to operate a cargo pier in 1960 is not the misadventure Plaintiff seeks by advocating for billions of dollars in damages.

Consolidation. Consequently, as with Plaintiff's arguments against Defendants' Interest and One-Satisfaction Motions in its Response to Consolidation, Plaintiff's jury instructions request is similarly premature and misplaced here.

Plaintiff's Response to Consolidation is unambiguous as to its position on the one topic at issue before the Court on the instant Motion: consolidation. Given Plaintiff's concession that the requisite elements are met here for consolidation, this Court should grant Defendants' Motion and disregard the arguments Plaintiff makes regarding interest- and one satisfaction-related issues.

## CONCLUSION

For the reasons above and in Defendants' Motion, the Court should enter an Order consolidating the four above-captioned cases for the determination of Plaintiff's damages, if any.

Dated: July 7, 2022

**BOIES SCHILLER FLEXNER LLP**
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida
Telephone: (954) 356-0011
Facsimile: (954) 356-0022

By: /s/ *Stuart H. Singer*
Stuart H. Singer
Florida Bar No. 377325
ssinger@bsfllp.com
Meredith Schultz
Florida Bar No. 29536
mschultz@bsllp.com
Pascual A. Oliu
Florida Bar No. 0107737
Corey P. Gray
Florida Bar No. 0115473
cgray@bsfllp.com

**AKERMAN LLP**
Pedro A. Freyre
Florida Bar No. 192140
Pedro.freyre@akerman.com
98 S.E. 7th Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600

Respectfully submitted,

**HOGAN LOVELLS US LLP**
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550

By: /s/ *Allen P. Pegg*
Richard C. Lorenzo
Florida Bar No. 071412
richard.lorenzo@hoganlovells.com
Allen P. Pegg
Florida Bar No. 597821
allen.pegg@hoganlovells.com
*Counsel for Norwegian Cruise Line Holdings Ltd.*

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

By: */s/ Scott D. Ponce*
Scott D. Ponce
Florida Bar No. 0169528
sponce@hklaw.com

*Counsel for Royal Caribbean Cruises Ltd.*

3

**JONES WALKER LLP**
George J. Fowler, III (admitted *pro hac vice*)
gfowler@joneswalker.com
Luis Llamas
Florida Bar No. 89822
llamas@joneswalker.com
201 St. Charles Avenue
New Orleans, LA 70170
Telephone: (504) 582-8752

*Counsel for Carnival Corporation*

**VENABLE LLP**
600 Massachusetts Avenue
Washington, D.C. 20001
Telephone: (202) 344-4703
Facsimile:  (202) 344-8300

By: */s/ J. Douglas Baldridge*
Florida Bar No. 708070
JBaldridge@venable.com
Andrew T. Hernacki (admitted *pro hac vice*)
ATHernacki@venable.com
Justin B. Nemeroff (admitted *pro hac vice*)
JBNemeroff@venable.com

*Counsel for MSC Cruises*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2022, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

By: /s/ *J. Douglas Baldridge*
J. Douglas Baldridge